Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:	(212) 292-5390
Facsimile:	(212) 292-5391
*Attorneys for Plaintiff*
*King Spider LLC*

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KING SPIDER LLC,<br><br>*Plaintiff*<br><br>v.<br><br>PUTIAN CHENGXIANG CEJINSHENG DEPARTMENT STORE d/b/a OFFICIALSP5DERHOODIE.STORE d/b/a SHOPSP5DER.COM d/b/a SP5DER.COM d/b/a SP5DER.LTD d/b/a SP5DERHOODIE.SHOP d/b/a SP5DERHOODIE.US d/b/a SP5DERNY.STORE d/b/a SPIDERWORLDWIDE.LTD d/b/a SPIDERWORLDWIDES.COM d/b/a WORLDWIDEOFFICIAL.CO, OFFICIALSP5DERHOODIE.STORE, SHOPSP5DER.COM, SP5DER.COM, SP5DER.LTD, SP5DERHOODIE.SHOP, SP5DERHOODIE.US, SP5DERNY.STORE, SPIDERWORLDWIDE.LTD, SPIDERWORLDWIDES.COM and WORLDWIDEOFFICIAL.CO,<br><br>*Defendants* | 23-cv-8782 (JGLC)<br><br>**PRELIMINARY INJUNCTION ORDER** |

## GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or King Spider** | King Spider LLC |
| **Defendants** | Putian Chengxiang Cejinsheng Department Store d/b/a officialsp5derhoodie.store d/b/a shopsp5der.com d/b/a sp5der.com d/b/a sp5der.ltd d/b/a sp5derhoodie.shop d/b/a sp5derhoodie.us d/b/a sp5derny.store d/b/a spiderworldwide.ltd d/b/a spiderworldwides.com d/b/a worldwideofficial.co, officialsp5derhoodie.store, shopsp5der.com, sp5der.com, sp5der.ltd, sp5derhoodie.shop, sp5derhoodie.us, sp5derny.store, spiderworldwide.ltd, spiderworldwides.com and worldwideofficial.co |
| **Cloudflare** | Cloudflare, Inc., with an address of 101 Townsend Street, San Francisco, California 94107, and any and all affiliated companies, which operate a cloud-based web infrastructure platform, available at www.cloudflare.com, that enables capabilities to host static websites on a content delivery network |
| **NameCheap** | NameCheap, Inc., with an address of 600 E Washington St Ste 305, Phoenix, Arizona, 85034, and any and all affiliated companies, which operates an ICANN accredited domain name registrar and web hosting company, available at www.namecheap.com, that allows consumers to register domain names and create websites |
| **GoDaddy** | GoDaddy Inc, with an address of 2155 E GoDaddy Way, Tempe, Arizona 85284, and any and all affiliated companies, which operate a domain name registrar and web hosting company, available at www. www.godaddy.com, that allows consumers to register domain names and create websites |
| **Hostinger** | Hostinger International Limited, with an address of Jonavos g. 60c, Kaunas 44192, Lithuania, and any and all affiliated companies, which provides web hosting services and operates an ICANN-accredited domain registrar, available at www.hostinger.com |
| **Tucows** | Tucows Inc., with an address of 96 Mowat Avenue Toronto, ON M6K 3M1, Canada, and any and all affiliated companies which operate a domain name registrar and web hosting company, available at www.tucowsdomains.com, that allows consumers to register domain names and create websites |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, NY 10016 |
| **Complaint** | Plaintiff's Complaint |

| Application | Plaintiff's *ex parte* application for: 1) a temporary restraining order; 2) an order restraining Defendants' Websites (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery |
|---|---|
| **Rucker Dec.** | Declaration of CB Rucker in Support of Plaintiff's Application |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application |
| **Sp5der Applications** | U.S. Application Nos.: 97/141,401 for "555 555" for a variety of goods in Classes 9, 25 and 41; 97/141,377 "SP5DER" for a variety of goods in Classes 9, 35 and 41; 88/490,200 "KING SPIDER" for a variety of goods in Class 25; 88/779,551 for "SP5 WORLDWIDE" for a variety of goods in Class 25; 90/298,790 "SP5" for a variety of goods in Class 25; 97/141,407 " [555 555 logo] " for a variety of goods in Classes 9 and 41; 90/183,203 " [5 logo] " for a variety of goods in Class 25; 97/141,391 " [sp5der logo] " for a variety of goods in Classes 9 and 41; 90/271,508 " [SP5WOM logo] " for a variety of goods in Class 25; 90/183,210 " [spider logo] " for a variety of goods in Class 25; and 97/141,416 " [p*nk! logo] " for a variety of goods in Classes 9 and 41 |
| **Sp5der Registrations** | U.S. Trademark Registration Nos.: 6,512,199 for "SP5DER" for a variety of goods in Class 25; 6,681,320 " [sp5der logo] " for a variety of goods in Class 25; 7,049,772 " [SP5DER logo] " for a variety of goods in Class 25; 7,151,224 for "SP5WOM" for a variety of goods in Class 25; 7,031,211 " [555 555 logo] " for a variety of goods in |

3

|  | Class 25; and 6,688,472 for "*p\*nk!*" for a variety of goods in Class 25 |
|---|---|
| **Sp5der Marks** | The marks covered by the Sp5der Registrations and Sp5der Applications |
| **Sp5der Products** | A young, successful high-end lifestyle streetwear line founded by American rapper, Young Thug, specializing in men's and women's apparel, accessories, bags and other ready-made goods |
| **Counterfeit Products** | Products bearing or used in connection with the Sp5der Marks, and/or products in packaging and/or containing labels bearing the Sp5der Marks, and/or bearing or used in connection with marks that are confusingly similar to the Sp5der Marks and/or products that are identical or confusingly similar to the Sp5der Products |
| **Defendants' Websites** | Any and all fully interactive websites held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them, that they operate to communicate with consumers regarding their Counterfeit Products and/or through which consumers purchase Counterfeit Products for delivery in the U.S., including, without limitation, Defendants' websites located at officialsp5derhoodie.store, shopsp5der.com, sp5der.com, sp5der.ltd, sp5derhoodie.shop, sp5derhoodie.us, sp5derny.store, spiderworldwide.ltd, spiderworldwides.com and worldwideofficial.co, along with the domain names associated therewith |
| **Infringing Domain Names** | officialsp5derhoodie.store, shopsp5der.com, sp5der.com, sp5der.ltd, sp5derhoodie.shop, sp5derhoodie.us and sp5derny.store |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by Defendants or Defendants' Websites (whether said accounts are located in the U.S. or abroad) |
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong"), Stripe Payments Canada, Ltd. ("Stripe"), Visa Inc. ("Visa"), American Express Company ("American Express"), Mastercard Inc. ("Mastercard") and Discover Financial Services, Inc. ("Discover") |
| **Third Party Service Providers** | Any third party providing services in connection with Defendants' Counterfeit Products and and/or Defendants' Websites, including, without limitation, Internet Service |

|  | Providers ("ISP"), back-end service providers, web designers, merchant account providers, any providing shipping and/or fulfillment services, such as Jane, 371 Little Falls Road, Suite 4, Cedar Grove, NJ 07009, YunExpress USA, Inc., NJ 182-30 150th Road, Jamaica, NY 11413 and 1000 High Street Perth Amboy, NJ 08861, website hosts, such as Cloudflare, Inc. ("Cloudflare"), Hostinger International Limited ("Hostinger"), domain name registrars, such as GoDaddy.com, LLC ("GoDaddy"), NameCheap, Inc. ("NameCheap") and Tucows, Inc. ("Tucows") and domain name registries |

WHERAS, Plaintiff moved *ex parte* on October 6, 2023 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Defendants' Websites and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiff's Application on October 10, 2023 (the "TRO"), which ordered Defendants to appear on October 24, 2023 at 12:00 p.m. to show cause why a preliminary injunction should not issue (the "Show Cause Hearing");

WHEREAS, on October 18, 2023, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO and all papers filed in support of the Application on Defendants' email addresses: 87661896@qq.com, admin+shopsp5der.com@njal.la, anausm05@gmail.com, billing+shopsp5der.com@njal.la, dmleads1111@gmail.com, fareedopus@gmail.com, fomop17371@eimatro.com, itxali94@gmail.com, mathewmutai46@gmail.com, moeen1rocket@gmail.com, mw.waqas554@gmail.com, naeemak726@outlook.com, olwaminakang@gmail.com, rashidaslamofficial@gmail.com, sanaaslammcd@gmail.com, sharazahmad033@gmail.com, shawn36748@gmail.com, shopspder@gmail.com, sodehex933@eimatro.com, Sp5derclothing@gmail.com, tech+shopsp5der.com@njal.la, toqiryounis1112@gmail.com, usama.qadeer554@gmail.com, waqarhassan00781@gmail.com, waseem86622@gmail.com and whois+shopsp5der.com@njal.la. Plaintiff was unable to serve Defendants' email addresses: admin@officialsp5derhoodie.store, naeemak777@outlook.com, order@officialsp5derhoodie.store, orders@sp5derny.store, orders@worldwideofficial.co, support@officialsp5derhoodie.store, support@sp5der.com, support@sp5der.ltd,

6

support@sp5derhoodie.shop, support@sp5derhoodie.us, support@Sp5derny.Store, support@spiderworldwide.ltd and Support@spiderworldwides.com;[1]

WHEREAS, on October 24, 2023 at 12:00 p.m., Plaintiff appeared at the Show Cause Hearing, however no Defendants appeared.

**ORDER**

1. Plaintiff is entitled to injunctive relief through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

    a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions in the United States (with the exception of the acts and omissions described in paragraphs vi through ix below, which shall apply worldwide) through the pendency of this litigation:

       i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Sp5der Marks and/or marks that are confusingly similar to, identical to and constitute a

---

[1] Plaintiff can confirm that each and every one of Defendants' Websites was successfully served because it was able to successfully serve at least one (1) email address associated with each of Defendants' ten (10) Websites: officialsp5derhoodie.store was served via the email addresses Sp5derclothing@gmail.com, dmleads1111@gmail.com and toqiryounis1112@gmail.com, shopsp5der.com was served via the email addresses shopspder@gmail.com, whois+shopsp5der.com@njal.la, admin+shopsp5der.com@njal.la, billing+shopsp5der.com@njal.la and tech+shopsp5der.com@njal.la, sp5der.com was served via the email addresses 87661896@qq.com and shawn36748@gmail.com, sp5der.ltd was served via the email address sharazahmad033@gmail.com, sp5derhoodie.shop was served via the email addresses usama.qadeer554@gmail.com, mw.waqas554@gmail.com, olwaminakang@gmail.com, anausm05@gmail.com and rashidaslamofficial@gmail.com, sp5derhoodie.us was served via the email addresses sodehex933@eimatro.com, fomop17371@eimatro.com and moeen1rocket@gmail.com, sp5derny.store was served via the email address fareedopus@gmail.com, spiderworldwide.ltd was served via the email address naeemak726@outlook.com, spiderworldwides.com was served via the email addresses waseem86622@gmail.com and itxali94@gmail.com and worldwideofficial.co was served via the email addresses mathewmutai46@gmail.com, sanaaslammcd@gmail.com, waqarhassan00781@gmail.com and moeen1rocket@gmail.com.

      counterfeiting or infringement of the Sp5der Marks;

ii. directly or indirectly infringing in any manner Plaintiff's Sp5der Marks;

iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Sp5der Marks, to identify any goods or services not authorized by Plaintiff;

iv. using Plaintiff's Sp5der Marks and/or any other marks that are confusingly similar to the Sp5der Marks on or in connection with Defendants' Websites and/or Defendants' manufacturing, importation, exportation, advertising, marketing, promotion, distribution, offering for sale, sale and/or otherwise dealing in Counterfeit Products;

v. using any false designation of origin or false description, or engaging in any action that is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants, website owned or operated by Defendants, services provided by Defendants and/or Defendants' commercial activities by Plaintiff;

vi. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendants' Websites, Defendants' Assets and/or the

       manufacturing, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

  vii. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

 viii. linking, transferring, selling and/or operating Defendants' Websites;

   ix. registering, trafficking in or using any domain names that incorporate any of Plaintiff's Sp5der Marks or any other marks that are confusingly or substantially similar to the Sp5der Marks, or any colorable imitation thereof, including the Infringing Domain Names; and

    x. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(ix) above, and 1(b)(i) through through 1(c)(ii) below.

b) Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions through the pendency of this litigation:

    i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court.

c) Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service

      Providers who satisfy those requirements and are identified in this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions through the pendency of this litigation:

        i. providing services to Defendants, including, without limitation, those in connection with the continued operation of Defendants' Websites;

        ii. permitting the transfer, sale and/or assignment of Defendants' Websites; and

        iii. instructing, aiding or abetting Defendants and/or any person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(ix), 1(b)(i) through 1(c)(ii) above.

2. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

    a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

    b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order and the requests for the production shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

    c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with

    all documents and records in their possession, custody or control, relating to any and all of Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

    i. account numbers;

   ii. current account balances;

  iii. any and all identifying information for Defendants and/or Defendants' Websites, including names, addresses and contact information;

  iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

   v. any and all deposits and withdrawals during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, documents sufficient to identify the geographic location(s) of any consumers from which deposits were sent, deposit slips, withdrawal slips, cancelled checks and account statements; and

  vi. any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the geographic location(s) of the transferor(s), the identity of the beneficiary's bank and the beneficiary's account number.

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its

11

possession, custody or control relating to Defendants' Websites, including, but not limited to, documents and records relating to:

   i. account details, including, without limitation, identifying information and account numbers for any and all accounts or websites that Defendants have ever had and/or currently maintain with the Third Party Service Providers;

   ii. the identities, location and contact information, including any and all e-mail addresses of Defendants;

   iii. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' Websites, a full accounting of Defendants' sales history and listing history under Defendants' Websites and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' Websites; and

   iv. Defendants' manufacturing, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products, or any other products bearing the Sp5der Marks and/or marks that are confusingly similar to, identical to and constitute an infringement of the Sp5der Marks.

3. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

   a) delivery of: (i) a PDF copy of this Order; and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website

publication through a specific page dedicated to this lawsuit accessible through ipcounselorslawsuit.com) where Defendants will be able to download a PDF copy of this Order, to Defendants' e-mail addresses, 87661896@qq.com, admin+shopsp5der.com@njal.la, anausm05@gmail.com, billing+shopsp5der.com@njal.la, dmleads1111@gmail.com, fareedopus@gmail.com, fomop17371@eimatro.com, itxali94@gmail.com, mathewmutai46@gmail.com, moeen1rocket@gmail.com, mw.waqas554@gmail.com, naeemak726@outlook.com, olwaminakang@gmail.com, rashidaslamofficial@gmail.com, sanaaslammcd@gmail.com, sharazahmad033@gmail.com, shawn36748@gmail.com, shopspder@gmail.com, sodehex933@eimatro.com, Sp5derclothing@gmail.com, tech+shopsp5der.com@njal.la, toqiryounis1112@gmail.com, usama.qadeer554@gmail.com, waqarhassan00781@gmail.com, waseem86622@gmail.com, whois+shopsp5der.com@njal.la, admin@officialsp5derhoodie.store, naeemak777@outlook.com, order@officialsp5derhoodie.store, orders@sp5derny.store, orders@worldwideofficial.co, support@officialsp5derhoodie.store, support@sp5der.com, support@sp5der.ltd, support@sp5derhoodie.shop, support@sp5derhoodie.us, support@Sp5derny.Store, support@spiderworldwide.ltd and Support@spiderworldwides.com.

4. As sufficient cause has been shown, such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants, Third Party Service

Providers and Financial Institutions through the pendency of this action.

5. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

   a) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

   b) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Cloudflare, Inc. will be able to download a PDF copy of this Order via electronic mail to abuse@cloudflare.com;

   c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where NameCheap, Inc. will be able to download a PDF copy of this Order via electronic mail to legal@namecheap.com;

   d) delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where GoDaddy will be able to download a PDF copy of this Order via electronic mail to compliancemgr@godaddy.com and courtdisputes@godaddy.com;

   e) delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Hostinger International Limited will be able to download a PDF copy of this Order via electronic mail to support@hostinger.com;

   f) delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Stripe Payments Canada, Ltd. will be able to download a PDF copy of this Order via electronic mail to notices@stripe.com;

   g) delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Tucows

      Inc. will be able to download a PDF copy of this Order via electronic mail to compliance@tucows.com and info@tucows.com;

h) delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Visa Inc. will be able to download a PDF copy of this Order via electronic mail to businessconduct@visa.com;

i) delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where American Express Company will be able to download a PDF copy of this Order via electronic mail to amexsru@aexp.com;

j) delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Mastercard Inc. will be able to download a PDF copy of this Order via electronic mail to ipinquiries@mastercard.com;

k) delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Discover Financial Services, Inc. will be able to download a PDF copy of this Order via electronic mail to civilsubpoena@discover.com;

l) delivery of a copy of the PI Order to Jane, 371 Little Falls Road, Suite 4, Cedar Grove, NJ 0700;

m) delivery of a copy of the PI Order to YunExpress USA, Inc., NJ 182-30 150th Road, Jamaica, NY 11413; and

n) delivery of a copy of the PI Order to 1000 High Street, Perth Amboy, NJ 08861.

6. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

7.  The $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

8.  This Order shall remain in effect during the pendency of this action, or until further order of the Court.

9.  Any Defendant that is subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this 24 day of October, 2023.
New York, New York

*Jessica Clarke*
_____
HON. JESSICA G. L. CLARKE
UNITED STATES DISTRICT JUDGE