Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:      (212) 292-5391
*Attorneys for Plaintiff*
*King Spider LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KING SPIDER LLC,<br><br>*Plaintiff*<br><br>v.<br><br>PUTIAN CHENGXIANG CEJINSHENG DEPARTMENT STORE d/b/a OFFICIALSP5DERHOODIE.STORE d/b/a SHOPSP5DER.COM d/b/a SP5DER.COM d/b/a SP5DER.LTD d/b/a SP5DERHOODIE.SHOP d/b/a SP5DERHOODIE.US d/b/a SP5DERNY.STORE d/b/a SPIDERWORLDWIDE.LTD d/b/a SPIDERWORLDWIDES.COM d/b/a WORLDWIDEOFFICIAL.CO, OFFICIALSP5DERHOODIE.STORE, SHOPSP5DER.COM, SP5DER.COM, SP5DER.LTD, SP5DERHOODIE.SHOP, SP5DERHOODIE.US, SP5DERNY.STORE, SPIDERWORLDWIDE.LTD, SPIDERWORLDWIDES.COM and WORLDWIDEOFFICIAL.CO,<br><br>*Defendants* | **Civil Case No.: 23CV8782**<br><br>**1) TEMPORARY RESTRAINING ORDER; 2) ORDER RESTRAINING DEFENDANTS' WEBSITES AND DEFENDANTS' ASSETS WITH THE FINANCIAL INSTITUTIONS; 3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 4) ORDER AUTHORIZING BIFURCATED AND ALTERNATIVE SERVICE; AND 5) ORDER AUTHORIZING EXPEDITED DISCOVERY**<br><br>**FILED UNDER SEAL** |

## GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or King Spider** | King Spider LLC |
| **Defendants** | Putian Chengxiang Cejinsheng Department Store d/b/a officialsp5derhoodie.store d/b/a shopsp5der.com d/b/a sp5der.com d/b/a sp5der.ltd d/b/a sp5derhoodie.shop d/b/a sp5derhoodie.us d/b/a sp5derny.store d/b/a spiderworldwide.ltd d/b/a spiderworldwides.com d/b/a worldwideofficial.co, officialsp5derhoodie.store, shopsp5der.com, sp5der.com, sp5der.ltd, sp5derhoodie.shop, sp5derhoodie.us, sp5derny.store, spiderworldwide.ltd, spiderworldwides.com and worldwideofficial.co |
| **Cloudflare** | Cloudflare, Inc., with an address of 101 Townsend Street, San Francisco, California 94107, and any and all affiliated companies, which operate a cloud-based web infrastructure platform, available at www.cloudflare.com, that enables capabilities to host static websites on a content delivery network |
| **NameCheap** | NameCheap, Inc., with an address of 600 E Washington St Ste 305, Phoenix, Arizona, 85034, and any and all affiliated companies, which operates an ICANN accredited domain name registrar and web hosting company, available at www.namecheap.com, that allows consumers to register domain names and create websites |
| **GoDaddy** | GoDaddy Inc, with an address of 2155 E GoDaddy Way, Tempe, Arizona 85284, and any and all affiliated companies, which operate a domain name registrar and web hosting company, available at www. www.godaddy.com, that allows consumers to register domain names and create websites |
| **Hostinger** | Hostinger International Limited, with an address of Jonavos g. 60c, Kaunas 44192, Lithuania, and any and all affiliated companies, which provides web hosting services and operates an ICANN-accredited domain registrar, available at www.hostinger.com |
| **Tucows** | Tucows Inc., with an address of 96 Mowat Avenue Toronto, ON M6K 3M1, Canada, and any and all affiliated companies which operate a domain name registrar and web hosting company, available at www.tucowsdomains.com, that allows consumers to register domain names and create websites |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, NY 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *ex parte* application for: 1) a temporary restraining |

| | |
|---|---|
| | order; 2) an order restraining Defendants' Websites (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery |
| **Rucker Dec.** | Declaration of CB Rucker in Support of Plaintiff's Application |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application |
| **Sp5der Applications** | U.S. Application Nos.: 97/141,401 for "555 555" for a variety of goods in Classes 9, 25 and 41; 97/141,377 "SP5DER" for a variety of goods in Classes 9, 35 and 41; 88/490,200 "KING SPIDER" for a variety of goods in Class 25; 88/779,551 for "SP5 WORLDWIDE" for a variety of goods in Class 25; 90/298,790 "SP5" for a variety of goods in Class 25; 97/141,407 "  " for a variety of goods in Classes 9 and 41; 90/183,203 "  " for a variety of goods in Class 25; 97/141,391 "  " for a variety of goods in Classes 9 and 41; 90/271,508 "  " for a variety of goods in Class 25; 90/183,210 "  " for a variety of goods in Class 25; and 97/141,416 "  " for a variety of goods in Classes 9 and 41 |
| **Sp5der Registrations** | U.S. Trademark Registration Nos.: 6,512,199 for "SP5DER" for a variety of goods in Class 25; 6,681,320 "  " for a variety of goods in Class 25; 7,049,772 "  " for a variety of goods in Class 25; 7,151,224 for "SP5WOM" for a variety of goods in Class 25; 7,031,211 "  " for a variety of goods in |

| | |
|---|---|
| | *p★nk!*<br>Class 25; and 6,688,472 for "         " for a variety of goods in Class 25 |
| **Sp5der Marks** | The marks covered by the Sp5der Registrations and Sp5der Applications |
| **Sp5der Products** | A young, successful high-end lifestyle streetwear line founded by American rapper, Young Thug, specializing in men's and women's apparel, accessories, bags and other ready-made goods |
| **Counterfeit Products** | Products bearing or used in connection with the Sp5der Marks, and/or products in packaging and/or containing labels bearing the Sp5der Marks, and/or bearing or used in connection with marks that are confusingly similar to the Sp5der Marks and/or products that are identical or confusingly similar to the Sp5der Products |
| **Defendants' Websites** | Any and all fully interactive websites held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them, that they operate to communicate with consumers regarding their Counterfeit Products and/or through which consumers purchase Counterfeit Products for delivery in the U.S., including, without limitation, Defendants' websites located at officialsp5derhoodie.store, shopsp5der.com, sp5der.com, sp5der.ltd, sp5derhoodie.shop, sp5derhoodie.us, sp5derny.store, spiderworldwide.ltd, spiderworldwides.com and worldwideofficial.co, along with the domain names associated therewith |
| **Infringing Domain Names** | officialsp5derhoodie.store, shopsp5der.com, sp5der.com, sp5der.ltd, sp5derhoodie.shop, sp5derhoodie.us and sp5derny.store |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by Defendants or Defendants' Websites (whether said accounts are located in the U.S. or abroad) |
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong"), Stripe Payments Canada, Ltd. ("Stripe"), Visa Inc. ("Visa"), American Express Company ("American Express"), Mastercard Inc. ("Mastercard") and Discover Financial Services, Inc. ("Discover") |
| **Third Party Service Providers** | Any third party providing services in connection with Defendants' Counterfeit Products and and/or Defendants' Websites, including, without limitation, Internet Service |

|  | Providers ("ISP"), back-end service providers, web designers, merchant account providers, any providing shipping and/or fulfillment services, such as Jane, 371 Little Falls Road, Suite 4, Cedar Grove, NJ 07009, YunExpress USA, Inc., NJ 182-30 150th Road, Jamaica, NY 11413 and 1000 High Street Perth Amboy, NJ 08861, website hosts, such as Cloudflare, Inc. ("Cloudflare"), Hostinger International Limited ("Hostinger"), domain name registrars, such as GoDaddy.com, LLC ("GoDaddy"), NameCheap, Inc. ("NameCheap") and Tucows, Inc. ("Tucows") and domain name registries |
| --- | --- |

On this day, the Court considered Plaintiff's *ex parte* application for the following: 1) a temporary restraining order; 2) an order restraining Defendants' Websites and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery against Defendants, Third Party Service Providers and Financial Institutions in light of Defendants' intentional and willful offerings for sale and/or sales of Counterfeit Products.[1]  Having reviewed the Application, Declarations of CB Rucker and Gabriela N. Nastasi, along with exhibits attached thereto and other evidence submitted in support thereof, the Court makes the following findings of fact and conclusions of law:

## PRELIMINARY FACTUAL FINDINGS & CONCLUSIONS OF LAW

1. Sp5der, launched by Plaintiff in or about 2019 by American rapper Young Thug, is a successful and high-end lifestyle streetwear line of men's and women's apparel, accessories, bags and other ready-made goods which are distributed in the United States and abroad.

2. The Sp5der Products are marketed under the Sp5der Marks.  The Sp5der Brand is recognized for its familiar motifs, including rhinestones and spider webs, as well as its eccentric design language.

3. The Sp5der Products are sold in exclusive drops direct to consumer solely through King Spider's official website, https://kingspider.co.

4. The Sp5der Products are only sold in periodic quantity-limited releases in which the Sp5der Products are not restocked once they sell out and, in each quantity-limited release the supply of Sp5der Products made is intentionally low.

5. The Sp5der Products are currently and have always been manufactured in the United

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

States and Pakistan only[2] and are not sold in or sold from China, nor are any sellers authorized to sell Sp5der Products via any outlet, including Defendants' Websites.

6.  The Sp5der Products typically retail for between $25.00 - $1,000.00.

7.  While Sp5der has gained significant common law trademark and other rights in its Sp5der Marks and Sp5der Products through use, advertising and promotion, Sp5der also protected its valuable rights by filing for and obtaining federal trademark registrations.

8.  For example, King Spider owns the following U.S. Trademark Registration Nos.: 6,512,199 for "SP5DER" for a variety of goods in Class 25; 6,681,320 "  " for a variety of goods in Class 25; 7,049,772 " " for a variety of goods in Class 25; 7,151,224 for "SP5WOM" for a variety of goods in Class 25; 7,031,211 " " for a variety of goods in Class 25; and 6,688,472 for " " for a variety of goods in Class 25. King Spider has also applied for the registration of U.S. Application Nos.: 97/141,401 for "555 555" for a variety of goods in Classes 9, 25 and 41; 97/141,377 "SP5DER" for a variety of goods in Classes 9, 35 and 41; 88/490,200 "KING SPIDER" for a variety of goods in Class 25; 88/779,551 for "SP5 WORLDWIDE" for a variety of goods in Class 25; 90/298,790 "SP5" for a variety of goods in Class 25; 97/141,407 " " for a variety of goods in Classes 9 and 41; 90/183,203 " " for a variety of goods in Class 25; 97/141,391 " " for a variety of goods in Classes 9

---

[2] The only Sp5der Products that are and have ever been manufactured in China are belts, which have not and/or are not being sold by any of the Defendants' Websites.



and 41; 90/271,508 "  " for a variety of goods in Class 25; 90/183,210 "

" for a variety of goods in Class 25; and 97/141,416 " " for a

variety of goods in Classes 9 and 41.

9.    The Sp5der Marks are currently in use in commerce in connection with the Sp5der Products.

10.    Defendants are manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Counterfeit Products through Defendants' Websites.

11.    Defendants are not, nor have they ever been, authorized distributors or licensees of the Sp5der Products.  Neither Plaintiff, nor any of Plaintiff's authorized agents, have consented to Defendants' use of the Sp5der Marks, nor has Plaintiff consented to Defendants' use of marks that are confusingly similar to, identical to and constitute a counterfeiting or infringement of the Sp5der Marks.

12.    Plaintiff is likely to prevail on its Lanham Act and related common law claims at trial.

13.    As a result of Defendants' infringements, Plaintiff, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries before Defendants can be heard in opposition, unless Plaintiff's Application for *ex parte* relief is granted:

a.    Defendants have offered for sale and sold substandard Counterfeit Products in the United States that infringe the Sp5der Marks;

b.    Plaintiff has well-founded fears that more Counterfeit Products will appear in the United States marketplace; that consumers may be misled, confused and disappointed

by the quality of these Counterfeit Products, resulting in injury to Plaintiff's reputation and goodwill; and that Plaintiff may suffer loss of sales for its Sp5der Products; and

c. Plaintiff has well-founded fears that if it proceeds on notice to Defendants on this Application, Defendants will: (i) secret, conceal, destroy, alter, sell-off, transfer or otherwise dispose of or deal with Counterfeit Products or other goods that infringe the Sp5der Marks, the means of obtaining or manufacturing such Counterfeit Products, and records relating thereto that are in their possession or under their control, (ii) inform their suppliers and others of Plaintiff's claims with the result being that those suppliers and others may also secret, conceal, sell-off or otherwise dispose of Counterfeit Products or other goods infringing the Sp5der Marks, the means of obtaining or manufacturing such Counterfeit Products, and records relating thereto that are in their possession or under their control, (iii) secret, conceal, transfer or otherwise dispose of their ill-gotten proceeds from their sales of Counterfeit Products or other goods infringing the Sp5der Marks and records relating thereto that are in their possession or under their control and/or (iv) change the host of Defendants' Websites and/or create new websites under new or different names and continue to offer for sale and sell Counterfeit Products with little to no consequence.

14.    The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its business, the goodwill and reputation built up in and associated with the Sp5der Marks and to its reputation if a temporary restraining order is not issued.

15.     Public interest favors issuance of the temporary restraining order in order to protect Plaintiff's interests in and to its Sp5der Marks, and to protect the public from being deceived and defrauded by Defendants' passing off of their substandard Counterfeit Products as Sp5der Products.

16.     Plaintiff has not publicized its request for a temporary restraining order in any way.

17.     Service on Defendants via alternative means is reasonably calculated to result in proper notice to Defendants.

18.     If Defendants are given notice of the Application, they are likely to secret, conceal, transfer or otherwise dispose of their ill-gotten proceeds from their sales of Counterfeit Products or other goods infringing the Sp5der Marks.  Therefore, good cause exists for granting Plaintiff's request for an asset restraining order.  It typically takes the Financial Institutions a minimum of five (5) days after service of the Order to locate, attach and freeze Defendants' Assets and/or Defendants' Financial Accounts.  As such, the Court allows enough time for Plaintiff to serve the Financial Institutions and Third Party Service Providers with this Order, and for the Financial Institutions and Third Party Service Providers to comply with the Paragraphs I(B)(1) through I(B)(2) and I(C)(1) through I(C)(2) of this Order, respectively, before requiring service on Defendants.

19.     Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible to Plaintiff the records and documents relating to Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Counterfeit Products.  Therefore, Plaintiff has good cause to be granted expedited discovery.

## **ORDER**

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED** as follows:

## I.   Temporary Restraining Order

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions in the United States (with the exception of the acts and omissions described in paragraphs 6-9 below, which shall apply worldwide) for fourteen (14) days from the date of this order, and for such further period as may be provided by order of the Court:

1) manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products, or any other products bearing the Sp5der Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting or infringement of the Sp5der Marks;

2) directly or indirectly infringing in any manner Plaintiff's Sp5der Marks;

3) using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Sp5der Marks to identify any goods or service not authorized by Plaintiff;

4) using Plaintiff's Sp5der Marks and/or any other marks that are confusingly similar to the Sp5der Marks, on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

5) using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed,

displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

6) secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendants' Websites or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

7) effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

8) linking, transferring, selling and/or operating Defendants' Websites; and

9) knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(A)(1) through I(A)(8) above and I(B)(1) through I(C)(1) through I(C)(2) below.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of the Court:

1)  secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court.

C.  IT IS HEREBY ORDERED, as sufficient cause has been shown, that immediately upon receipt of service of this Order, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements, are restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of this Court:

1)  providing services to Defendants, including, without limitation, those relating to the continued operation of Defendants' Websites;

2)  permitting the transfer, sale and/or assignment of Defendants' Websites; and

3)  instructing, aiding, or abetting Defendants and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(1) through I(A)(8), I(B)(1) through I(B)(2) and I(C)(1) through I(C)(2) above.

## II.   Order to Show Cause Why A Preliminary Injunction Should Not Issue And Order Of Notice

A.  Defendants are hereby ORDERED to show cause before this Court in Courtroom **20C** of the United States District Court for the Southern District of New York at 500 Pearl Street New York, New York on **October 24, 2023** at **12:00 p.m.** why a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a), should not issue.

B.  IT IS FURTHER ORDERED that opposing papers, if any, shall be filed electronically with the Court and served on Plaintiff's counsel by delivering copies thereof to the office of Epstein

Drangel LLP at 60 East 42nd Street, Suite 1250, New York, NY 10165, Attn: Jason M. Drangel on or before **October 19, 2023**. Plaintiff shall file any Reply papers on or before **October 23, 2023 at 12:00 p.m.**

C. IT IS FURTHER ORDERED that Defendants are hereby given notice that failure to appear at the show cause hearing scheduled in **Paragraph II(A)** above may result in the imposition of a preliminary injunction against them pursuant to Fed. R. Civ. P. 65, which may take effect immediately upon the expiration of this Order, and may extend throughout the length of the litigation under the same terms and conditions set forth in this Order.

### III.    Asset Restraining Order

A. IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 64 and 65 and N.Y. C.P.L.R. 6201 and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Financial Institutions shall locate and attach Defendants' Financial Accounts and shall provide written confirmation of such attachment to Plaintiff's counsel.

### IV.    Order Authorizing Bifurcated and Alternative Service by Electronic Means

A. IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

1)  delivery of: (i) PDF copies of this Order together with the Summons and Complaint, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where Defendants will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application seeking this Order to Defendants' e-mail addresses, support@sp5derhoodie.us, orders@worldwideofficial.co, mathewmutai46@gmail.com, support@sp5derhoodie.shop, support@spiderworldwide.ltd, Support@sp5der.ltd, Info@sp5der.ltd, admin@officialsp5derhoodie.store, support@officialsp5derhoodie.store, order@officialsp5derhoodie.store, Sp5derclothing@gmail.com, shopspder@gmail.com, support@sp5der.com, 87661896@qq.com and support@Sp5derny.Store.

B.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service ordered herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

C.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be made within five (5) days of the Financial Institutions and Third Party Service Providers' compliance with **Paragraphs III(A)** and **V(B)-(C)** of this Order.

D.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that service may be made and shall be deemed effective as to the following if it is completed by the below means:

1)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

2)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Cloudflare, Inc. will be able to download a PDF copy of this Order via electronic mail to abuse@cloudflare.com;

3)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where NameCheap, Inc. will be able to download a PDF copy of this Order via electronic mail to legal@namecheap.com;

4)  delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where GoDaddy will be able to download a PDF copy of this Order via electronic mail to compliancemgr@godaddy.com and courtdisputes@godaddy.com;

5)  delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Hostinger International Limited will be able to download a PDF copy of this Order via electronic mail to support@hostinger.com;

6)  delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Stripe Payments Canada, Ltd. will be able to download a PDF copy of this Order via electronic mail to notices@stripe.com;

7)  delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Tucows Inc. will be able to download a PDF copy of this Order via electronic mail to compliance@tucows.com and info@tucows.com;

8)  delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Visa Inc. will be able to download a PDF copy of this Order via electronic mail to businessconduct@visa.com;

9)  delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where American Express Company will be able to download a PDF copy of this Order via electronic mail

to amexsru@aexp.com;

10) delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Mastercard Inc. will be able to download a PDF copy of this Order via electronic mail to ipinquiries@mastercard.com;

11) delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Discover Financial Services, Inc. will be able to download a PDF copy of this Order via electronic mail to civilsubpoena@discover.com;

12) delivery of a copy of the TRO to Jane, 371 Little Falls Road, Suite 4, Cedar Grove, NJ 07009;

13) delivery of a copy of the TRO to YunExpress USA, Inc., NJ 182-30 150th Road, Jamaica, NY 11413; and

14) delivery of a copy of the TRO to 1000 High Street, Perth Amboy, NJ 08861.

## V.    Order Authorizing Expedited Discovery

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1) Within fourteen (14) days after receiving service of this Order, Defendants shall serve upon Plaintiff's counsel a written report under oath providing:

   a. their true names and physical address(es);

   b. the name and location and URL of any and all websites that Defendants own and/or operate;

   c. the complete sales records for any and all sales of Counterfeit Products, including but not limited to number of units sold, the price per unit, total gross revenues received (in U.S. dollars) and the dates thereof;

   d. the account details for any and all of Defendants' Financial Accounts, including, but not limited to, the account numbers and current account balances; and

e.  the steps taken by Defendants, or other persons served to comply with **Section I**, above.

2)  Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

3)  Plaintiff may serve requests for the production of documents pursuant to Fed. R. Civ. P. 26 and 34, and Defendants, if served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

B.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order the Financial Institutions served with this Order shall identify any and all of Defendants' Financial Accounts, and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants, including contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts and confirmation of said compliance with this Order.

C.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Third Party Service Providers served with this Order shall identify any and all of Defendants' Websites, and provide Plaintiff's counsel with a summary report, which shall include, at a minimum, identifying information for Defendants' Websites

13

(i.e. URLs), contact information for Defendants (including but not limited to, mailing addresses and e-mail addresses) and confirmation of said compliance with this Order.

D.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1)  Within fourteen (14) days of receiving actual notice of this Order, all Financial Institutions who are served with this Order shall provide Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to any and all of Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

   a.  account numbers;

   b.  current account balances;

   c.  any and all identifying information for Defendants and/or Defendants' Websites, including, but not limited to, names, addresses and contact information;

   d.  any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

   e.  any and all deposits and withdrawals during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

   f.  any and all wire transfers into each and every one of Defendants' Financial Accounts during the previous year, including, but not limited to, documents

sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

E.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1)  Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers served with this Order shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' Websites, including, but not limited to, documents and records relating to:

    a.  account details, including, without limitation, identifying information and URLs for any and all accounts or websites that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C);

    b.  the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C);

    c.  the nature of Defendants' business(es) and operation(s), methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' Websites, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' Websites; and

    d.  Defendants' manufacturing, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products, or any other products bearing the Sp5der Marks and/or marks that are

confusingly similar to, identical to and constitute an infringement of the Sp5der Marks.

## VI.    <u>Security Bond</u>

A.  IT IS FURTHER ORDERED that Plaintiff shall place security in the amount of **Five Thousand Dollars** ($5,000) with the Court which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

## VII.    <u>Sealing Order</u>

A.  IT IS FURTHER ORDERED that Plaintiff's Complaint and exhibits attached thereto, and Plaintiff's *ex parte* Application and the Declarations of CB Rucker and Gabriela N. Nastasi in support thereof and exhibits attached thereto and this Order shall remain sealed until further order.

**SO ORDERED.**

Dated: October 10, 2023.
　　　New York, New York

_Jessica Clarke_
JESSICA G. L. CLARKE
UNITED STATES DISTRICT JUDGE